UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN C. THORNE, JR.,

    Plaintiff,

vs.                                                                                                          Case No. 13-14910

THE BANK OF NEW YORK MELLON                                      HON. AVERN COHN
f/k/a THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATEHOLDERS
CWALT, INC. ALTERNATIVE LOAN TRUST
2005-59 MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2005-59 and
OCWEN LOAN SERVICING, LLC,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**
**(Doc. 4)**
**AND**
**DISMISSING CASE**[1]

**I. INTRODUCTION**

This is a property case. Plaintiff Alan C. Thorne, Jr. ("Thorne") is suing defendants The Bank of New York Mellon as Trustee for the Certificateholders Cwalt, Inc. Alternative Loan Trust 2005-59 Mortgage Pass Through Certificates, Series 2005-59 ("BNYM") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "defendants") alleging that defendants violated Michigan law by locking him out of his home and removing his contents valued at $25,000. The complaint is in three counts:

    Count I        Wrongful Detainer And Eviction

---

[1] The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Count II       Willful Trespass

Count III      Abuse of Process

Now before the Court is defendants' motion to dismiss (Doc. 4). For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

## II. BACKGROUND

On February 4, 2005, Thorne obtained a loan from BNC Mortgage, Inc. ("BNC") to finance the purchase of a home located at 24253 Petersburg in Eastpointe, Michigan 48021 (the "property").[2] To secure payment of the loan, Thorne granted a mortgage to Mortgage Electronic Systems Inc. ("MERS"), as nominee for the lender and the lender's successors and assigns. The mortgage was recorded with the Macomb County Register of Deeds, Liber 21425, Page 639. Ocwen serviced the loan.

Sometime later, MERS assigned the mortgage to BNYM. The assignment was recorded with the Macomb County Register of Deeds, Liber 21425, Page 639.

Thorne defaulted on the loan in December, 2011. At the time of default, Thorne owed $104,352.33, plus interest. On August 1, 2012, Ocwen sent Thorne a letter stating it conducted a property inspection, as it does on all properties where the loans are delinquent, and it appeared to Ocwen that Thorne's property was "vacant and/or unsecured." (Doc. 1-2 at 13). Ocwen advised Thorne as follows:

> Within fifteen (15) days from the date of this letter, you must either *(a)* complete and return us the notice attached below to indicate that you are monitoring the property at least once a week and take full responsibility for the vacancy; or *(b)* if the property is occupied, you should contact our offices at the Property Preservation Department. . . .

---

[2] The papers do not contain a copy of the mortgage or the note. The details of the loan, e.g. the amount, are not explained in the papers.

> Please be aware that if you do not complete the letter below, nor contact our offices, further action will be taken to secure the property and, if necessary, winterize the property in order to protect the security interest of the owner of your loan.
>
> Please understand that this is not an attempt to evict/remove you from your property. It is merely an action to verify the conditions of the property as provided for in the Mortgage or Deed of Trust Agreement.

(Doc. 1-2 at 13).

The complaint states that Thorne responded by calling Ocwen and giving them permission to inspect the property. The complaint does not allege that Thorne otherwise complied with Ocwen's request to confirm whether the property was vacant or occupied.

On September 28, 2012, the property was auctioned in a Sheriff's Sale. (Doc. 6-3).[3] BNYM was the highest bidder. After the foreclosure sale, on October 16, 2012, an Affidavit of Abandonment was posted to the property and sent to Thorne pursuant to Mich. Comp. Laws § 600.3241a (the "Affidavit").[4] The Affidavit states:

> **THIS NOTICE HAS BEEN POSTED TO INFORM YOU THAT THE MORTGAGEE CONSIDERS THIS PROPERTY ABANDONED AND THE FORECLOSURE OF THE MORTGAGE IS BEING COMPLETED PURSUANT TO MCLA 600.3241a.**
>
> The mortgagor will lose all rights of ownership thirty (30) days after the foreclosure sale and/or fifteen (15) days after this notice is posted and mailed, whichever is later, unless the mortgagor . . . within fifteen (15) days of this notice being mailed and posted, gives written notice by first class mail to the mortgagee/assignee

---

[3] Although not attached to the complaint, the Court can consider the Sheriff's Deed because it is central to the claims at issue. In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies which are appended to the motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).

[4] Plaintiff references a portion of the Affidavit in his response to defendants' motion to dismiss. Because it is central to the claims, it is proper for the Court to consider it when deciding the motion. *See Tellabs, supra* note 3.

attorney stating that the premises are not abandoned.

(Doc. 6-2).[5]

Thorne did not respond to the Affidavit. Nor did Thorne redeem the property within the thirty day period under Michigan law.[6] Instead, Thorne filed this action in state court in September, 2013, almost one year after the foreclosure sale. Defendants removed to this Court.

The complaint states that on October 2, 2012 "Defendants entered the Property, locking all persons, including Plaintiff, out of the said premises, seized all furnishings and all personal property, and converted same to Defendants' use." The complaint says that the personal property was valued in excess of $25,000.

Thorne does not challenge the foreclosure sale or seek to quiet title to the real property.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume

---

[5] Under Michigan law, the Affidavit must come after a valid foreclosure sale, as it did in this case. *Wells Fargo Bank MN NA v. English Colony Condominium Ass'n*, No. 267876, 2007 WL 2609447 (Mich. Ct. App. Sept. 11, 2007), at *3 (per curiam).

[6] Generally, the redemption period is six months. However, "[i]f the property is deemed abandoned pursuant to MCL 600.3241a, this period of redemption is shortened to '30 days or until the time to provide the notice required by section 3241a(c) expires, whichever is later.'" *Hartstock v. Fed. Home Loan Mortg. Corp.*, No. 280394, 2009 WL 187557, at *1 (Mich. Ct. App. Jan. 27, 2009) (per curiam) (citing Mich. Comp Laws § 600.3240(11)). As will be explained below, there is a presumption that the property at issue in this case was abandoned.
   It should be noted that, even if the normal redemption period of six months applied, Thorne did not make an attempt to redeem the property within six months of the foreclosure.

that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

## IV. DISCUSSION

Thorne's complaint fails to state a claim upon which relief can be granted and is subject to dismissal.

*First*, the complaint fails under *Iqbal* and *Twombly*. The complaint is devoid of any factual allegations explaining the conduct of a particular defendant. The complaint states, in a conclusory fashion, that the "defendants" wrongfully locked Thorne out of the home and seized his personal property. Thorne fails to allege who in particular entered the property, or any other factual details that state a claim upon which relief can be granted.

*Second*, the complaint lacks a legal basis. Even assuming that Thorne had personal property left in the home, he relinquished his right to the personal property when he abandoned the home, left it for foreclosure, and did not redeem the property. He did not seek return of his property until almost one year after the foreclosure sale.

After the foreclosure sale, as explained above, an Affidavit of Abandonment was posted to the property pursuant to Mich. Comp. Laws § 600.3241a. Under Mich. Comp. Laws § 600.3241a, abandonment of a premises is presumed if, before the end of the redemption period all of the following are met:

> (a) The mortgagee has made a personal inspection of the mortgaged premises and the inspection does not reveal that the mortgagor or persons claiming under the mortgagor are presently occupying or will occupy the premises.
>
> (b) The mortgagee has posted a notice at the time of making the personal inspection and has mailed by certified mail, return receipt requested, a notice to the mortgagor at the mortgagor's last known address, which notices state that the mortgagee considers the premises abandoned and that the mortgagor will lose all rights of ownership 30 days after the foreclosure sale. . . .
>
> (c) Within 15 days after the notice . . . the mortagor . . . has not given written notice by first-class mail to the mortgagee . . . stating that the premises are not abandoned.

Here, all of the above elements under Mich. Comp. Laws § 600.3241a were met.

Thorne did not respond to the Affidavit of Abandonment within 15 days after the notice was posted and mailed to him.  Nor does he challenge that the notice was properly posted and mailed to him.  Therefore, there is a presumption that the property was abandoned.

Michigan law addresses the consequences when the abandoned property is not redeemed within the redemption period:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, except as to any parcel or parcels which may have been redeemed and canceled, as hereinafter provided; and the record thereof shall thereafter, for all purposes be deemed a valid record of said deed without being re-recorded, but no person having any valid subsisting lien upon the mortgaged premises, or any part thereof, created before the lien of such mortgage took effect, shall be prejudiced by any such sale, nor shall his rights or interests be in any way affected thereby.

MCL 600.3236.

Having abandoned his property after foreclosure and failing to redeem, Thorne's claims that he was wrongfully locked out of the property and that defendants trespassed on his property have no merit.

**A. Count I for treble damages based on a wrongful detainer and eviction fails as a matter of law**

In count I, Thorne says he was "ejected and put out from the subject premises in a forcible and unlawful manner."  Thorne seeks treble damages under Mich. Comp. Laws § 600.2919.  Under § 600.2919, treble and single damages may be awarded against any person who (a) "cuts down or carries off any wood, underwood, trees, or timber. . . . (b) digs up or carries away stone, ore, gravel, clay, sand, turf, or mould or any root, fruit, or plant from another's lands, or (c) cuts down or carries away any grass, hay, or any kind of

grain from another's lands. . . ."

Thorne's claim fails as a matter of law. The property was foreclosed and presumed abandoned. Thorne does not show that he had a legal right to the property. Therefore, if his claim that he was locked out is accepted as true, it is not actionable. Moreover, the statute that Thorne basis his claim on, Mich. Comp. Laws § 600.2919, deals with damage to *land*, not personal property. Thorne has not alleged any damage to land.

### B. Count II alleging willful trespass fails as a matter of law

In count II, Thorne says that defendants "willfully" and "maliciously" trespassed on his property under the pretext of legal proceedings. His claim fails as a matter of law. As explained above, the property was foreclosed and deemed abandoned under Michigan law. The inspections of the property in determining that the property was abandoned were lawful. Thorne's allegations that defendants trespassed is wholly without merit.

### C. Count III alleging abuse of process fails as a matter of law

In count III, Thorne says that defendants abused the legal process in violating his rights. Like his other claims, this too fails. The property was the subject of a valid foreclosure sale. After the foreclosure sale, the property was deemed abandoned under Michigan law.

**V.**

For the reasons stated above, defendants' motion to dismiss has been granted and this case has been dismissed.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:
   Detroit, Michigan